Dear Mr. Bertrand:
You have asked this office to advise whether a full-time employee of the Allen Parish Police Jury may also hold appointive office as a member of the Allen Parish Mosquito Abatement District Board.
Mosquito Abatement Districts are created by parish governing authorities and are separate political subdivisions of the state. R.S.33:7721 provides:
 7721. Creation of districts as political subdivisions
 The governing authority of any parish may by ordinance create mosquito abatement districts composed of any part or all of the territory lying wholly within the parish. Such districts shall be political and legal subdivisions of the state, with power to sue and be sued in their corporate names.
Appointments to the board of commissioners are made by the police jury pursuant to R.S. 33:7723:
 7723. Board of commissioners; membership; qualifications and terms
 When any such district is created, the parish governing authority creating it shall appoint a board of commissioners, composed of five members, to govern its affairs, and shall fix the domicile of the board at any point within the parish. The members of the board shall be qualified electors of the district, two of whom shall be appointed for terms of two years and three for terms of three years, dating from the date of the adoption of the ordinance creating the district. Thereafter, all appointments of the *Page 2 
members shall be for terms of three years. Such boards shall serve without compensation, but the members shall be reimbursed for reasonable expenses incurred in connection with their official duties.
For purposes of applying the provisions of the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., membership on the mosquito abatement board constitutes appointive office, as defined by R.S. 42:62(2):
 "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
A position as road supervisor for the Allen Parish Police Jury constitutes employment as defined by R.S. 42:62(3):
 "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
The prohibition which might be applicable, if both positions here considered were held on a full-time basis, is found in R.S. 42:63(E), providing:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
"Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time. *Page 3 
The position of road supervisor is held on a full-time basis, while the mosquito abatement board members serve in a part-time capacity. Thus, the dual-officeholding provisions do not prohibit one from holding both positions concurrently.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg